UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANICE GUNN CARTER,

    Plaintiff,

v.

TITUS BIGELOW,

    Defendant.

Case No. 19-cv-12102
Hon. Matthew F. Leitman

_____/

**ORDER (1) GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND (2) REQUIRING PLAINTIFF TO SHOW CAUSE IN WRITING WHY THIS ACTION SHOULD NOT BE SUMMARILY DISMISSED FOR LACK OF JURISDICTION**

On July 29, 2019, Plaintiff Janice Gunn Carter filed this action against Defendant Titus Bigelow. (*See* Compl., ECF No. 1.) In the Complaint, Carter appears to allege that Bigelow committed fraud with respect to a home Carter owns in Detroit. (*See id.*) Carter also filed an application to proceed *in forma pauperis* in this matter. (*See* Application, ECF No. 2.)

The Court has reviewed Carter's application to proceed *in forma pauperis* and **GRANTS** the application due to Carter's indigence.

The Court has also carefully reviewed Carter's Complaint, and it does not appear that the Court has subject-matter jurisdiction over this action.

1

Federal courts are courts of limited jurisdiction. This Court has subject-matter jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331 – "federal question jurisdiction") and (2) "all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different states" (28 U.S.C. § 1332 – "diversity jurisdiction"). The Court is obligated to consider *sua sponte* in every action whether it has subject-matter jurisdiction and to dismiss the action if it lacks such jurisdiction. *See, e.g.*, *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005); *See also* Fed. Rule Civ. Proc. 12(h)(3).

With respect to "federal question jurisdiction," Carter does not allege in her Complaint that Bigelow violated any federal laws or constitutional provisions. Nor does she provide any other basis in the Complaint for the Court to conclude that this case arises under federal, as opposed to state, law.

Carter has also failed to plead the existence of "diversity jurisdiction." To properly plead "diversity jurisdiction," Carter must plead that she and Bigelow are citizens of different states and that the amount in controversy exceeds $75,000.00. Here, Carter has not identified Bigelow's citizenship, and it appears that both Carter and Bigelow may be citizens of the State of Michigan. If, as it appears, Carter and Bigelow are both Michigan citizens, diversity jurisdiction cannot exist. *See* 28 U.S.C. § 1332. Likewise, Carter has not clearly alleged that the amount in

controversy exceeds $75,000.00, and without such an allegation, the Court lacks diversity jurisdiction.

The allegations of record are therefore insufficient to establish subject-matter jurisdiction in this case. Accordingly, **IT IS HEREBY ORDERED** that by no later than **December 6, 2019**, Carter shall **SHOW CAUSE**, in writing, why this action should not be dismissed for lack of subject-matter jurisdiction.

If Carter does not file a response to this Order with the Clerk of the Court as set forth above by **December 6, 2019**, the Court will dismiss her Complaint without prejudice for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated: November 7, 2019

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 7, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764